SHAPIRO ᴇᴛ ᴀʟ. *v.* NATIONAL COLOR
PRINTING COMPANY, Inc., ᴇᴛ ᴀʟ.

[No. 185, October Term, 1947.]

196

*Decided July 20, 1948.*

*Motion for Modification of Opinion Overruled October 6, 1948.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Walter A. Feldman,* with whom was *Soloman Shapiro* on the brief, for the appellants.

*J. Paul Schmidt,* with whom were *Weinberg & Green* on the brief, for the appellee, National Color Printing Company, Inc.

*M. Henry Goldstone, Assistant City Solicitor,* with whom was *Thomas N. Biddison, City Solicitor,* on the brief, for the appellees, Mayor and City Council of Baltimore.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a decree of foreclosure of all rights of redemption of the properties Nos. 722, 724 and 726 Ajax Street, Baltimore, sold for non-payment of taxes. The bill was filed November 6, 1946 under the Act of 1943, ch. 761, as amended; 1947 Supplement, Art. 81 secs. 71A-90W. At the time of sale these properties were unimproved; former improvements had been razed. All three properties were assessed to Carl P. Bowen, in whom was vested a subleasehold interest in No. 722 and a leasehold interest in Nos. 724 and 726. A sub-rent of $27 on No. 722 was vested in Hannah and Raymond Shapiro, an original ground rent of $27.50 on No. 726 in Solomon Shapiro and other Shapiros, and an original ground rent of $27.00 on Nos. 722 and 724 in Tenants Realty Company. The City Collector sold at auction to the City No. 722 on October 16, 1941 and Nos. 724 and 726 on April 17, 1941. The sale of No. 722 was reported to the Circuit Court No. 2 on October 21, 1942, the sales of Nos. 724 and 726 on May 4, 1942; all three were ratified on April 4, 1945. Deeds from the Collector to the City were executed on April 27, 1945. Certificates of sale (1947 Supplement, Art. 81, sec. 83) were executed, for No. 722 on November 19, 1945, for Nos. 724 and 726 on April 26, 1946. All three certificates were assigned by the City to National Color Printing Company on May 13, 1946. Art. 81, sec. 84.

The bill was filed by National Color Printing Company (the City intervening as a party plaintiff) against Bowen, all the Shapiros and Tenants Realty Company, by name,

and "all other persons having an interest" in the properties (Art. 81, secs. 90, 90C) and an order of publication was issued and published. Art. 81, sec. 90G. Bowen's whereabouts, if he is living, were and are unknown. All the Shapiros and Tenants Realty appeared and answered. Under the Soldiers' and Sailors' Civil Relief Act. [Art. 87A, sec. 5(1)] counsel was appointed and answered for Bowen. The bill alleged, *inter alia*, that the right of redemption had "expired as the result of the decrees" ratifying the sales. The answers denied that the period of redemption had expired and the Shapiros and Tenants Realty averred that they are "prepared to pay the redemption prices" for the properties "together with interest at the rate of six percent (6%) per annum from the date of each sale to the dates of redemption, and also all taxes and other municipal liens accruing subsequently to the date of such sales, together with interest and penalties thereon, and the total disbursements made by the holders of the certificates of tax sales for said properties, in accordance with the provisions of Chapter 761 Laws of Maryland, 1943, and amendments thereof as aforesaid." By the decree of foreclosure, entered November 26, 1947, "all rights of redemption on the part of the defendants" are foreclosed. Defendants (including Bowen, by his appointed counsel) have appealed.

On this appeal defendants deny (*a*) the validity of these tax sales, because of alleged defects in the Collector's notices to the taxpayers and in the advertisements of sale, and (*b*) the constitutionality of the Act of 1943 "to the extent of authorizing the foreclosure of rights of redemption [from] tax sales made prior to the enactment of the Act." It is unnecessary to consider the objections to the validity of the tax sales, for the reason that the Act of 1943 not only is constitutional (as was held with respect to the similar Act of 1941, ch. 540, in *Gathwright v. Baltimore*, 181 Md. 362, 30 A. 2d 252, 145 A. L. R. 590), but gives defendants a right of redemption which they would not have had, if the tax sales were valid, unless plaintiffs had invoked the Act of 1943.

With exceptions about to be mentioned, the Act of 1941, ch. 540, and the Act of 1943, ch. 761, are for present purposes identical. The Act of 1941 was applicable only to Baltimore City, the Act of 1943 to both Baltimore and the counties. Each was applicable to all taxes which were in arrears at the time the Act took effect, notwithstanding the fact that such taxes were levied prior to the effective date of the Act. Act of 1941, sec. 57A; Act of 1943, sec. 4. The repealing clause (section 3) of the Act of 1943, however, provided that "all laws [including the Act of 1941] repealed by this subtitle shall nevertheless remain in force in respect to any and all tax sales made or instituted prior to the effective date [December 31, 1943] of this Act." Each Act provided that whenever, prior to the taking effect of the Act, any property was sold for the non-payment of taxes and "said sale has not been ratified and confirmed", any purchaser at any such prior sale was empowered to proceed under the provisions of the Act to foreclose all rights of redemption in the property purchased. The Collector, upon surrender to him of a receipt evidencing payment of the necessary part of the purchase price, shall deliver to such purchaser a certificate signed by the Collector, which shall have the same force and effect as other certificates issued under the provisions of the Act and shall be subject to all of the provisions of the Act relating to such other certificates of sale. The provisions of the Act shall not effect the right of any purchaser at a tax sale held prior to the taking effect of the Act to proceed under the provisions of laws existing prior to the taking effect of the Act. Any such purchaser may, at his option, proceed under the provisions of the Act or under the provisions of such prior existing laws. Act of 1941, sec. 62B; Act of 1943, Art. 81, sec. 89H. The Act of 1943, but not the Act of 1941, contains a provision, similar in substance and in words to section 89H, when the prior sale "has been ratified and confirmed, whether or not a deed has been delivered to the purchaser." Art. 81, sec. 89I. Though the last two sentences in section 89H are not re-

peated in section 89I, it is clear that the purchaser has the option to proceed either under the provisions of prior laws, or under the provisions of the Act—subject to all the provisions of the Act relating to certificates of sale.

Among the provisions contained in such certificates themselves are, "The property described herein is subject to redemption. Upon redemption the holder of this certificate will be refunded the sums paid on account of the purchase price together with interest thereon at the rate of six per cent per annum from the date of payment to the date of redemption, together with all other amounts specified by [the Act]. The balance due on account of the purchase price and all taxes, together with interest and penalties thereon, accruing subsequent to the date of the sale, must be paid to the Collector before a deed can be delivered to the purchaser. After ———, 19—, a proceeding can be brought to foreclose all rights of redemption in the property. This certificate will be void unless such a proceeding is brought within two years from the date of this certificate". Art. 81, sec. 83; Act of 1941, sec. 59. Each Act provided that "the owner or other person having an estate or interest in the property sold by the Collector may redeem the said property at any time until the right of redemption has been finally foreclosed under the provisions of this [Act] by paying to the Collector the amount required for redemption as hereinafter set forth." Art. 81, sec. 89B; Act of 1941, sec. 61. The amount required for redemption was set forth. Art. 81, sec. 89C; Act of 1941, sec. 61A. The above quoted averments in the answers are in accord with this requirement. Special provision was made for redemption after an action to foreclose is instituted, the person redeeming to apply to the court to fix the amount necessary for redemption. Art. 81, sec. 89D; Act of 1941, sec. 61B. Before the Act of 1941 the time for redemption was limited to "a year and a day from the day of sale". Baltimore City Charter (1938 Ed.) secs. 59, 63, 64. Cf. 1939 Code, Art. 81, secs. 82, 204 (both repealed by the Act of 1943). In *Gathwright v. Baltimore,* 181

Md. 362, 370, 371, 30 A. 2d 252, 256, 145 A. L. R. 590, in rejecting a contention that the Act of 1941 was unconstitutional as applied to "one who has purchased a property at a tax sale under the provision of the old law", this court said: "* * * the breach of the obligation of the contract that is urged by the appellants * * * in tax sales made before the effective date of the act under review, when the holder of the certificate of sale chooses to avail himself of the provisions of the new act, results in giving the delinquent taxpayer more time within which to redeem his property. The same contention was made in the case of *Hickey v. Peck,* 180 Md. 289, 23 A. 2d 711, 715, and Judge Johnson, speaking for this court in that case, said: 'The effect of this was to give the complainants more time to redeem their property and they are not in position to raise the objection.' "

This construction of sections 62B and 61 and other related provisions of the Act of 1941 is applicable to the same provisions, including sections 89H and 89B, of the Act of 1943. We think it is equally applicable to section 89I. Plaintiffs contend that there is a difference in this respect between sections 89H and 89I; that the Legislature must have intended, not to enlarge the period for redemption after title had been perfected by ratification, but only to provide an *inter partes* proceeding to establish conclusively the validity *vel non* of the prior *ex parte* proceedings; that redemption after ratification of a sale to the City would deprive the City of taxes after ratification. Neither the words nor the purpose and effect of the Act support this contention. Under the old law the right to redeem was extinguished, not by ratification but by mere lapse of a year and a day, sometimes after, in many cases (including the instant case) years before, ratification. Ratification could be refused or set aside only for good cause shown. 1939 Code, Art. 81, sec. 200; Act of 1867, ch. 186; Baltimore City Charter (1927 Ed.) sec. 48. With an apparent exception not now material (Act of 1937, ch. 511, amending section 48 of the Charter, 1938 Ed. sec. 65) ratification was, however, only *prima*

*facie* evidence of validity of the sale. *Hickey v. Peck,* 180 Md. 289, 298-300, 23 A. 2d 711. Reports and ratification of tax sales were not before 1867, and are not since 1943 or (in Baltimore) 1941, required or provided for. Nor does the City lose taxes by redemption under the new law after ratification under the old. Until a final decree of foreclosure and a deed to the holder of the certificate of sale, the property shall continue to be assessed as though no sale had been made, whether the City or some other person holds the certificate of sale. All taxes accruing subsequent to the date of sale, together with interest and penalties thereon, shall be additional liens against the property. The Collector shall not deliver a deed to the holder of the certificate of sale unless and until all such subsequent taxes, together with interest and penalties, are paid in full. Act of 1943, sec. 89F; Act of 1941, sec. 61D. *Gathwright v. Baltimore, supra,* 181 Md. at page 369, 30 A. 2d 252. If the owner exercises the right of redemption, he does not thereby escape the "additional liens" of such subsequent taxes, interest and penalties.

Under the old law a tax sale (if valid) "divested a citizen of his property without his consent, and often without his actual knowledge" (*Stewart v. Meyer,* 54 Md. 454, 466), but the purchaser got a title that often was unmarketable and (if the sale was invalid) got none at all. Under the new law a "purchaser" at a tax sale is virtually a mortgagee. He can, and within two years must, foreclose his lien and get either (*a*) a marketable title to the property or (*b*) payment of his lien. Like a mortgage foreclosure this procedure gives the owner a right to redeem until foreclosure. Protection of both the "purchaser" and the owner is correlative. When a "purchaser" exercises the option, whether before or after ratification under the old law, to "proceed" under the new law, he is subject to "all the provisions of" the new law relating to "certificates of sale", including the owner's right of redemption. Both the "purchaser" and the owner have the same rights, neither more nor less, as if

the tax sale were "made or instituted" since 1943. The right of redemption accompanies the right of foreclosure, "so as to give the antidote with the bane".

The above quoted averments in the answers (other than Bowen's) were not accompanied or followed by a formal tender of redemption. Nor did any of the defendants apply to the court to fix the amount necessary for redemption. The plaintiffs have raised no technical points on this score. We think the answers sufficiently indicate an intention to redeem and amount to an irrevocable offer to do so. The decree should, therefore, be reversed and the cause remanded for passage of an appropriate decree for redemption of Nos. 722 and 726 by the respective Shapiros and No. 724 by Tenants Realty. In *Gathwright v. Baltimore, supra,* it was held that a proceeding for foreclosure under the Act of 1941 was not an action *in personam* against absent defendants but an action *in rem.* No personal decree, for costs or any other money, should be entered against Bowen. However, by personal service or appearance a proceeding *in rem* may become also a proceeding *in personam.* A decree for redemption may therefore be entered against plaintiffs and the defendants other than Bowen, and may be enforced against all these parties like any other decree *in rem* or in *in personam.*

> *Decree reversed and cause remanded for passage of a decree in accordance with this opinion, costs in this court to be paid by the plaintiffs, costs below by the defendants other than Bowen.*