## EMPIRE FURNITURE CO. *v.* HANLEY

[No. 8, October Term, 1948.]

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*A. David Gomborov*, with whom were *H. Lee Brill* and
*A. Jerome Diener* on the brief, for the appellant.

*Milton R. Smith* and *Francis T. Peach* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This case was started by the appellee, who filed his
bill of complaint in the Circuit Court for Baltimore
County to foreclose all rights of redemption in four lots
in said county under the Act of 1943, chapter 761 as
amended by the Act of 1944, Special Session Chapter 7,
and the Act of 1947, Chapter 71 and codified as Sections
71A to 90W, both inclusive, of Article 81 of the Code of
Public General Laws, 1947 Supplement. The bill showed
that the taxes for which these lots were sold with interest
from the date of sale amounted, roughly, to $2500 for the
first lot, $1200 for the second, $500 for the third and $600
for the fourth. In addition, 1946 and 1947 taxes had
been paid by the appellee, and he was entitled to the
costs set out in the Act. The appellants, who are the
last Board of Directors of the Company to which the
lots were assessed when they were sold for taxes, and
the trustees, under a mortgage made by said company,

answered, admitting the pertinent facts as to the sales, but alleging additional facts under which they contend that the amounts necessary for redemption are $88.10 for each lot, plus taxes and interest, the total, including court costs, amounting to $603.86. At the same time, they filed a petition for redemption and paid in to court the said amount of $603.86. After an answer was filed to this petition, a hearing was had, and the Chancellor held that the appellee's contention was correct and that the appellants could redeem the property by paying *to the plaintiff* the amounts set forth in the certificate of sale, with interest at six per cent from the date of the original tax sale to the date of redemption, together with all taxes paid by the appellee and costs. The result of this order is that the appellants, in order to redeem, would be obliged to pay substantially the amounts claimed by the appellee. From this order the appeal was taken here.

The primary question to be decided is the amount which the appellants have to pay for redemption, and the great difference between the figures presented by them, and those claimed by the appellee, is due to the different interpretation placed upon the statute by the respective parties. The figures are not in dispute, but the question is whether the appellants are obliged to pay only the amounts paid by the appellant to the County Commissioners, plus interest, taxes, etc., or whether, in order to redeem, they are obliged to pay the amounts for which the property was sold by the Treasurer to the County Commissioners at the original tax sale.

The facts, briefly, are as follows: The four lots, belonging to the Empire Furniture Manufacturing Company, were sold separately and in separate years, by the Treasurer of Baltimore County, and in each case they were sold to the County Commissioners at public auction for the amount of the taxes due, with costs of sale. The sales were made in 1934, 1937, 1938 and 1939, respectively, and the lots were conveyed to the County Commissioners by deeds executed respectively in 1937, 1939,

1940 and 1941. Subsequently, prior to January 2, 1945, the appellee offered to purchase from the County Commissioners these four lots, together with six other lots which they owned, and which were more or less contiguous, for the sum of $800 and advertising costs. The lots were then advertised in a county newspaper for sale on January 2, 1945, and at that time, were purchased by appellee for the sum of $881 as an entirety. The County Commissioners allocated the proceeds of this sale as $88.10 for each lot. On January 17, 1945, the County Commissioners executed and acknowledged and delivered to the appellee a deed conveying to him the four lots. On September 29, 1945; the Treasurer issued to the County Commissioners a separate certificate of sale for each of the four lots showing on each certificate the amount of the original sale by him to them. These certificates of sale were assigned by the County Commissioners to the appellee on October 30, 1946, and on September 24, 1947, the appellee filed the bill of complaint herein.

The Act of 1943, Chapter 761 (with some minor changes, not applicable to this case, made by the Act of 1944, Special Session, Chapter 7, and the Act of 1947, Chapter 71) provided a comprehensive system of tax sales for the counties (with some local differences) and for the City of Baltimore. The City provisions are different from those for the counties and are essentially the same as those in the Act of 1941, Chapter 540 which we construed in the case of *Gathwright v. Mayor and City Council of Baltimore,* 181 Md. 362, 30 A. 2d 252, 145 A. L. R. 590. The Act of 1943 not only provides for tax sales, but also for the procedure of foreclosing the equity of redemption of the owner. These provisions were discussed by us in the recent case of *Shapiro v. National Color Printing Co.,* 191 Md. 194, 60 A. 2d 679. The foreclosure proceedings are applicable to two separate situations; one where the tax sale was before the passage of the statute, and the other where the tax sale was made under the statute. In the last situation, with which we

are not concerned here, the holder of the certificate of sale may file his bill to foreclose the equity of redemption any time after the expiration of a year and a day from the date of sale, and must file it within two years after the date of the certificate of sale. Section 90. By Section 89H a purchaser at a tax sale made prior to December 31, 1943, (which is the case here), is empowered to proceed to foreclose the rights of redemption. In such case, he gets from the Collector a certificate by surrendering whatever receipt or instrument he has, evidencing payment of the necessary part of the purchase price, and thereafter, as the holder of the certificate, he can proceed to foreclose within the two year period provided in Section 90. However, he does not have to get the certificate, and thereby be bound to foreclose, but may continue to hold the property under the provisions of any prior existing laws. He may be satisfied with the condition of his tax title and may elect not to foreclose. If he does elect to foreclose, then the right to redeem attaches and continues until the final decree of the foreclosure proceedings. See Sections 89B and 90, and *Shapiro v. National Color Printing Co., supra.*

The purchaser at a sale made by the Collector is given a certificate of sale, (Section 83), and this is true, whether the sale is made to a private purchaser or is made to the County Commissioners or other taxing agency. (Section 88). The County Commissioners, or such taxing agency, may sell and assign a certificate of sale. (Section 89). When the owner redeems, the Collector notifies the holder of the certificate of sale that the property has been redeemed, and that upon the surrender of the certificate all redemption money received by him will be paid to the holder. The collector also delivers to the person redeeming the property a certificate of redemption which can be recorded in the land records and has the same effect as a release of mortgage. Section 89B. Section 89C provides the amount required for redemption, which is the whole amount of money received by the Collector from the sale of the property, together with interest at

the rate of six per cent per annum from the date of sale to the date of the payment of the redemption money. Where the redemption is from a sale made to the County Commissioners, the person redeeming shall pay the Collector the entire amount paid by the County Commissioners at the tax sale with interest. To this is added any taxes with interest and penalties, accruing subsequent to the date of sale which have been actually paid by any holder of the certificate of sale, and the total disbursements of the holder of the certificate of sale which are provided for in Section 90J, including Clerk's costs, appearance fees, title searches and service of process. The holder is also entitled to fees paid and the recording of the certificate of sale, but not for other expenses. Section 90K. The property is assessed as though no sale had been made, whether the County Commissioners or some person holds the certificate of sale, and all taxes accruing subsequent to the date of sale shall be additional liens against the property, and these taxes must be paid in full before the collector delivers the deed to the purchaser after the equity of redemption has been foreclosed. Section 89F. Where property is redeemed after an action to foreclose a right of redemption is instituted, the person redeeming must apply to the court, before which the action is pending, to fix the amount necessary for redemption, and it is provided that the Collector is to collect no money for redemption until a certified copy of the order of the court fixing the amount is filed with him. Section 89D.

The appellants argue that the sale by the County Commissioners to the appellee and the deeds executed to him divested the Commissioners of all interest in the lots, and they, therefore, had no right to the certificates, and that such certificates should have been issued to the appellee for the amount he paid the Commissioners. This contention, however, is plainly contradicted by Section 83, which requires the collector to deliver the certificate to the purchaser from him and requires the certificate in the same form to be issued by the Collector to the

County Commissioners if they buy in the property. Furthermore, the provisions of 89C provide that if the redemption is from a sale made to the County Commissioners, the person redeeming shall pay the entire amount bid by the County Commissioners, plus interest, subsequent taxes paid and expenses. The appellants cite as authority for their contention that they should only be required to pay the amount paid by the appellee to the Commissioners, three cases from other jurisdictions, two involving a New Mexico statute and the other involving a Minnesota statute. These are *State ex rel. Cunningham v. Romero*, 22 N. M. 325, 161 P. 1103, and *Glen Investment Company v. Romero*, 8 Cir., 254 F. 239, and *State ex rel. Kipp v. Johnson*, 83 Minn. 496, 86 N. W. 610. The statutes in these cases, however, are very different from ours, and involve not the sale of the property, but the sale of certificates issued by the Treasurer. It seems quite clear, under the Act of 1943, that the appellants, in order to redeem this property, must pay the full amount of the sale to the County Commissioners, plus interest, the additional taxes and expenses. That is the conclusion reached by the chancellor and, to that extent his order is correct.

The order requires that the payment be made to the appellee. The statute, however, requires the payment to be made to the Collector. When he receives a certified copy of the order, (Section 89D), he then accepts the amount of money fixed in that order, and executes the certificate of redemption provided for in Section 89B.

The order in the case before us should, therefore, be amended and provide that the payment is to be made to the Collector. The further question arises as to what the Collector is to do with the money he receives. This question was not discussed in the briefs of the parties, as both seemed to assume that the purchaser would get the entire amount, but this, we think, cannot be the proper interpretation of the statute. The certificate, which is the foundation of the action to foreclose the equity of redemption, and without which no action can be

instituted, provides (as required by the statute in Section 83) that upon redemption the holder "will be refunded the sums paid on account of the purchase price together with interest" etc. and together with all other amounts specified in the act, to which we have heretofore referred. The County Commissioners did not pay the County Treasurer anything on account of the purchase price, and in the case of a sale by them and an assignment of the certificate issued to them, the only amount paid on the purchase price was the amount paid by the appellee to the County Commissioners. What the County is entitled to receive is the taxes, interest, penalties and costs due against the property. These, in the case before us, amounted to about $4000. The security the county held for the taxes were the lots. They sold that security, and were paid three or four hundred dollars for it. They therefore, had no further interest in the lots, but there is nothing in the statute which indicates that they thereby gave up their right to any or all of the taxes if the lots were redeemed under the redemption provisions of the statute. The Legislature could not have intended to give the purchaser taxes due to the County. Such a statute so construed would require the diversion of public funds to private use. When the property is redeemed, the money required to redeem it is tax money, and subject to all the usual restrictions regarding its use which surround such a fund. The act cannot be construed to give the Collector authority to divert county tax money so as to enrich the purchaser, and decrease the county revenue.

All that the purchaser is entitled to receive is the purchase price, interest paid by him, taxes paid by him, and incidental expenses. He is not entitled to more. It is true it is stated in Section 89B, that upon surrender of the certificate, "all redemption money received" by the Collector will be paid to the holder. That statement, however, refers to a situation where an actual purchaser buys the property at the tax sale. At such sale he must pay the full amount of taxes, penalties and costs, etc. due.

Otherwise, the property is sold to the County. Having paid all the taxes due at the Collector's sale, the purchaser is entitled to get back the amount of the redemption, which is the same. If the purchaser pays more than the taxes, etc. due, he is entitled to recover the excess from the funds furnished by the person redeeming, who has already paid it to the Collector. The only sale at which the purchaser can pay less than the taxes due is from the County Commissioners. When he pays less he runs no risk, because he will get back what he paid with interest. The intention of the Act is to give the owner an opportunity to redeem, but that opportunity does not include the enrichment of the purchaser at the expense of the county.

It is our conclusion, therefore, that the court, in the case before us, should fix the amount due to be paid to the Collector, and at the same time should find from the evidence before him how much the Collector should pay out of the redemption money to the appellee, which would be the amount he paid the County Commissioners with interest and such expenses as he shall be able to show in accordance with the Act, and any taxes which he may have paid during the time he held and had title to the property. That is in accordance with the provisions of Section 90A, giving the court equity jurisdiction to give full and complete relief.

> *Order reversed and case remanded for the passage of an order in accordance with this opinion. Costs here to be equally divided between appellants and appellee.*