WEINER ET UX. *v.* WEIRICH ET AL.

[No. 46, October Term, 1950.]

*Decided December 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *William O. E. Sterling, Philip H. Dorsey, Jr., Dorsey & Sterling* and *Joseph D. Weiner*, for appellants.

No brief and no appearance for appellees.

GRASON, J., delivered the opinion of the Court.

On September 15, 1936, certain property assessed to Arthur C. Weirich in St. Mary's County was sold by Joseph B. Drury, who was at that time Treasurer of said County, and Collector of State and County taxes therein. The property sold consisted of two lots in Block 13 in a subdivision known as Point Looktout, in the First Election District of said County. The property was sold to Ike Weiner for $8, and the sale was ratified and confirmed by the Circuit Court for St. Mary's County.

On November 18, 1949, the said Drury was dead and Charles J. Mattingly was Treasurer and Collector of State and County taxes for St. Mary's County. On that day Mattingly issued a Certificate of Sale for the property sold to Ike Weiner, which Certificate of Sale was duly assigned to Joseph D. Weiner and Irta Weiner, his wife.

The Assignees, on November 22, 1949, instituted an equity proceeding in the Circuit Court for St. Mary's County against the said Weirich and other defendants. The purpose of the bill was to foreclose the right of redemption of certain properties belonging respectively to Weirich and the other defendants, which were sold at public auction for taxes. The bill prayed for a final decree "foreclosing all rights of redemption of the defendants in and to the said properties", and for other relief.

On January 27, 1950, Arthur C. Weirich filed a petition in said cause to redeem his property which was sold as aforesaid. The petition, in substance, averred he is the owner of the lots sold, and cites his title deed; that he desires to redeem said property and is prepared to pay what said property sold for at the tax sale, to wit, $8, together with 6% interest thereon from the day of sale; also he is prepared to pay all taxes with interest and penalties thereon accrued subsequent to the date of sale, actually paid by the purchaser of said real estate, the said Ike Weiner, or any subsequent holder thereof, together with the total disbursements of said Ike Weiner or his assigns, in accordance with the provisions of Article 81, section 71A, etc., Maryland Code, title, "Revenue and Taxes", subtitle, "Tax Sales"; that he is not advised at this time to the amount necessary for redemption of said real estate in accordance with the provisions of the aforesaid subtitle; that he requested the plaintiffs, and that they have failed to give the petitioner information as to the amounts paid as aforesaid by them or the said Ike Weiner for taxes on said property, or other disbursements made in accordance with the provisions of said subtitle. The petitioner prayed that the court fix the amount necessary for the redemption of said property, after such notice to the plaintiffs in this case as the court may see proper, and for other relief.

To this petition the plaintiffs demurred, and from an order overruling the demurrer the case comes here on appeal.

It seems to be the contention of the appellants that the appellee was without right to redeem his property under the provisions of the Act of 1943, Chapter 761, effective December 31, 1943, Code Supplement 1947, art. 81, secs. 72-90W. They claim that when a tax sale was ratified and confirmed by a court prior to the adoption of the Act referred to, it was the intention of said Act that they could file an equity proceeding for the foreclosure of the equity of redemption and that in said proceeding the owner of the property sold could not set up his right

of redemption. They say that when a tax sale is ratified by a court, under the law prior to December 31, 1943, the purchaser acquires title to said property, and it was the intention under the Act referred to that they could get a decree giving them a clear title to the property, and to allow the purchaser to redeem the property would be taking their property away from them without due process.

The appellants were not required to invoke the procedure provided in the Act aforesaid. They could have proceeded under the law in effect prior to December 31, 1943, or they could have proceeded as they did, by a bill in equity to foreclose the owner's right of redemption.

In *Shapiro v. National Color Printing Co.*, 191 Md. 194, 200, 60 A. 2d 679, 681, we said:

"* * * it is clear that the purchaser has the option to proceed either under the provisions of prior laws, or under the provisions of the Act—subject to all the provisions of the Act relating to certificates of sale.

"Among the provisions contained in such certificates themselves are, 'The property described herein is subject to redemption. * * *'"

In that case we held that the court could find the amount necessary to be paid by the owner in order to effectuate a redemption of his property. This court also held, in the case quoted, that the Act was constitutional. See *Gathwright v. Mayor and City Council of Baltimore*, 181 Md. 362, 30 A. 2d 252, 145 A. L. R. 590.

The matter presented on this appeal was also fully dealt with in the case of *Empire Furniture Co. v. Hanley*, 191 Md. 386, 62 A. 2d 342. As the cases referred to herein fully dispose of the questions raised on this appeal, adversely to the appellants, the order of the lower court overruling the demurrer of the plaintiffs to the defendants' petition will be affirmed.

*Order affirmed, with costs, and case remanded.*