KEEFAUVER et ux. *v.* RICHARDSON et al.

[No. 183, September Term, 1963.]

546

*Decided February 18, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Richard Bourne* and *David A. McNamee,* with whom were *W. Carroll Beatty* and *Beatty & McNamee* on the brief, for the appellants.

*Richard B. Bland,* with whom were *Clifton M. Eisele, Jr.,* and *Welsh & Lancaster* on the brief, for the appellee, James E. Richardson, Jr.

MARBURY J., delivered the opinion of the Court.

To be resolved on this appeal is the question of which of the parties has superior claim to lots numbered 33 to 36 inclusive, in the subdivision known as "Shanabrooke's Resubdivision of Central Heights", College Park, Maryland. The appellants, J. Earl Keefauver and his wife, claim the property by virtue of tax titles and adverse possession, while the appellee James E. Richardson, Jr. presents his claim under a right of redemption.

548

Pursuant to Code (1957), Article 81, § 97, *et seq.*, the appellants filed a bill in equity in the Circuit Court for Prince George's County to foreclose all rights of redemption in the subject property. The bill of complaint averred that in March 1916 lots 33, 34, and 35 then assessed in the name of James E. Richardson, through whom the appellee claims, were sold by the county treasurer at a tax sale for taxes due and in arrears for the year 1915, to the County Commissioners of Prince George's County. After the expiration of the prevailing statutory period for redemption these lots were sold and conveyed by the county commissioners in the fall of 1918 to J. Fred Keefauver, the original predecessor in title of the appellants. The bill further alleges that in 1935, lot 36, also being then assessed in the name of James E. Richardson and also having been duly sold at a tax sale to the county commissioners for nonpayment of taxes for the year 1934, was sold to the same J. Fred Keefauver, who died in 1951.

His interest in all four of the lots was inherited by his two sons, Lester and the appellant, J. Earl Keefauver. Lester died in 1956, and shortly thereafter his widow, and sole heir, sold and conveyed her undivided one-half interest in the lots to the appellants. In response to the bill of complaint the appellee, James E. Richardson, Jr., acting under Code (1957), Article 81, § 94 filed a petition to redeem the property. Immediately thereafter the appellants' counsel filed a bill in equity in the same court to quiet title in the property in themselves pursuant to Code (1957), Article 16, § 128. The bill of complaint in that suit alleged that possession of the property was in the appellants or their predecessors in interest, and that they had been in actual, open, notorious, visible, exclusive and continuous possession of the lots for a period of over twenty years prior to the institution of that proceeding.

Appellants then moved for consolidation of the second suit with the first proceeding. Appellee Richardson filed a motion *ne recipiatur* or to strike this second suit on the ground that the appellants, by first filing an action to foreclose the right of redemption, had caused to be created in the appellee a right of redemption which he otherwise would not have had, and that

such right could not be defeated by a claim of adverse possession.

At this stage of the litigation appellants' present counsel entered their appearance. After oral argument on both motions Judge Powers granted the motion to consolidate, but denied appellee's motion *ne recipiatur* or to strike, without prejudice to any point raised by appellee. Subsequently the appellee filed an answer and a motion for summary decree, advancing the same reasons as in his earlier motion, namely, that appellants had made a binding election when they chose to proceed under Article 81. The appellants in turn filed a motion to dismiss the first proceeding on the ground that it was a nullity, that filing it could in no way affect their vested fee simple title, which they claim they got either from the county commissioners or through adverse possession. After hearing on these last two motions the court, by Judge Bowie, denied appellants' motion to dismiss the first proceeding and granted appellee's motion for summary decree as to the suit to quiet title. From that action by the court this appeal was brought.

The Keefauvers contend here, as below, that they had a fee simple absolute title, either by virtue of transactions by their predecessor in interest with the county commissioners or by adverse possession for a period of more than twenty years. They further contend that the chancellor was in error in ruling that appellants subjected their title to appellee's right of redemption by the mere filing of the suit under Article 81 to foreclose.

At the outset, while the appellee does not argue before us that the lower court should have stricken the second suit, we think the court was in error not to have done so. This second suit was brought under Code (1957), Article 16, § 128, which clearly states that a bill to quiet title may be brought only "when no action at law or any proceeding in equity is pending to enforce or test the validity of such title, lien or encumbrance, or other adverse claim * * *." Since the first proceeding was to enforce or test the validity of the appellants' lien on or encumbrance of the lots, the language just quoted required that the second proceeding be dismissed or stricken.

If this had been done only the foreclosure proceeding would

have been left pending, rather than the consolidated suits. Even though the bill to quiet title was not stricken, we think the erroneous consolidation of the two suits could give no legal vitality to the suit to quiet title, which had been filed in spite of the bar interposed by Section 128, quoted above. It is evident from our past decisions that the institution of a foreclosure suit pursuant to Article 81 resulted in a right to redeem in the appellee even though there would have been no such right in the absence of the institution of the foreclosure proceeding. *White v. Hardisty,* 220 Md. 152, 151 A. 2d 764; *Weiner v. Weirich,* 196 Md. 539, 74 A. 2d 5; *Shapiro v. National Color Ptg. Co.,* 191 Md. 194, 60 A. 2d 679. *Shapiro* is the leading case. That was an appeal from a decree of foreclosure of right of redemption in properties in Baltimore which had been sold for nonpayment of taxes in 1941. The sales had been reported to the circuit court the following year and ratified in 1945. Deeds from the City Collector to the City (the purchaser), and thereafter certificates of sale, were executed by him. The certificates were assigned by the City to the appellee, who subsequently filed a bill to forclose the right of redemption under the tax sale provisions of Article 81 against the appellants who were the proprietary owners. The bill alleged that the right of redemption had expired, and the chancellor entered a decree of foreclosure. We reversed and held that the act bestowed upon the owners a right of redemption they would not otherwise have had if appellant had not invoked Article 81. Under Section 99 (then Section 89-I) of Article 81 as interpreted by the Court the appellants had an option to proceed under prior law or under the provisions of Article 81. They chose to proceed via the latter, and having done so became subject to all the provisions therein including the owner's right to redeem.

That case and the others cited, which followed it, are controlling here unless the Keefauvers are correct in contending that having been vested with a fee simple absolute title, the filing of the foreclosure suit, though perhaps erroneous, was in legal effect a nullity, so that they should have been allowed to dismiss it. We said in *Shapiro* that under Article 81 the tax sale purchaser is virtually a mortgagee. He can foreclose his lien and get either a marketable title to the property or pay-

ment of his lien. Thus it was upon a lien theory and not a title theory that the Keefauvers decided to proceed. Having waived their claim of title and presented appellees with a right to redeem, they can not now withdraw their offer to permit the appellee to redeem and to prevent him from accepting the offer.

It is true that we have held as a general proposition that an irrevocable election is not made until after judgment. *Hamlin Mach. Co. v. Holtite Mfg. Co.,* 197 Md. 148, 78 A. 2d 450; *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491; *Bolton Mines Co. v. Stokes,* 82 Md. 50, 33 Atl. 491. We have also said that the mere institution of suit not carried through to judgment does not constitute an irrevocable election barring another suit seeking a different remedy. *Levin v Singer,* 227 Md. 47, 175 A. 2d 423; *State Roads Comm. v. Smith,* 224 Md. 537, 168 A. 2d 705. In none of these cases, however, did the mere institution of a suit create a right in the defendant in that suit. The right continues, in this case, until finally barred by the court's decree of foreclosure. Article 81, Section 100.

Appellants are, of course, presumed to know the law. They knew, or should have known, that two statutory avenues lay open to them to attempt to perfect their title. They could have filed a bill to quiet title under Article 16, Section 128 initially based upon claims of title from the county commissioners, or upon adverse possession. The other choice was to proceed as they did under Article 81. Appellants chose to take the calculated risk that the appellee might come forward to exercise his statutory right of redemption. This he has done so that the case must be remanded to the equity court to determine the amount necessary for redemption.

> *Decree affirmed and cause remanded for further proceedings not inconsistent with this opinion. Costs to be paid by appellants.*