STYERS ET UX. *v.* DICKEY

[No. 39, September Term, 1968.]

*Decided March 6, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN, McWILLIAMS, SINGLEY and SMITH,
JJ.

*Richard B. Bland,* with whom were *Welsh & Lancaster* on
the brief, for appellants.

*Henry A. Babcock* for appellee.

SMITH, J., delivered the opinion of the Court.

The sole question presented in this case is whether Code
(1965 Repl. Vol.) Art. 81, § 99A as enacted by Chapter 182 of
the Acts of 1964 cures the failure, in a proceeding to foreclose
the equity of redemption brought under Code (1965 Repl. Vol.)
Art. 81, § 100 *et seq.,* to name as a party defendant an owner
at the time of an earlier tax sale.

It is undisputed that Colin Studds acquired the land here in
question in 1892. The land was sold on March 5, 1917, to the
County Commissioners of Prince George's County for unpaid
1916 taxes assessed in the name of Studds. The parties have
stipulated to the ratification by the Circuit Court for Prince
George's County of that sale. With the stipulation is filed a
certified copy of the order ratifying the sale to the County Com-
missioners of Prince George's County, ratification having taken
place on February 28, 1919. Thereafter pursuant to the law
then in effect it was sold on September 22, 1919, to Pere Wil-

mer.[1] The then treasurer of Prince George's County conveyed the land to Wilmer by tax deed dated December, 1922. Certified copy of this deed was filed with the previously mentioned stipulation. This deed recites the earlier ratification.

At the tax sale held on March 2, 1959, appellee (Dickey) bought the land which was at that time assessed in the name of Pere Wilmer. Dickey brought suit to foreclose the equity of redemption. Code (1957) Art. 81, § 103 provides in pertinent part relative to such proceedings:

> "The defendants in any such proceeding shall be the following:
>
> "(a) The owner of the property as disclosed by a search of the land records of the county, of the records of the register of wills of the county, and of the records of any court of law or equity of the county."

A search of the land records disclosed Colin Studds as the owner of the property. Studds was not named as a defendant.

In 1965 appellants (Styers) contracted to buy the land from Dickey. When a title examination revealed that Colin Studds was not named as defendant in the above mentioned suit to foreclose the equity of redemption, Styers brought a suit for a declaratory decree to determine whether Dickey had a fee simple and marketable title to the land in question.

Dickey relies on the provisions of Code (1965 Repl. Vol.) Art. 81, § 99A which states:

> "When any tax sale made prior to January 1, 1944,

---

1. Section 116G of Art. 17 of the Code of Public Local Laws as amended by Chapter 469 of the Acts of 1902 provided in any tax sale in Prince George's County if no bid was received equal to the taxes, interest, penalties and costs of sale the property was to be sold to the County Commissioners for that amount. Report of sale was to be filed. It further provided that if not redeemed in two years "it shall thereupon be forfeited to, and a fee simple title to the same be vested in, the County Commissioners of Prince George's County without the execution of any deed therefor." Provision was then made for sale by the county treasurer on behalf of the County Commissioners and upon payment of the whole purchase price the treasurer was authorized to "execute to the purchaser thereof a deed in fee simple."

has been finally ratified, then no court of equity or law in this State shall on and after June 1, 1966, entertain any proceedings to set aside or modify any title to any interest obtained in such sale."

The Styers bill of complaint was filed May 25, 1967. On motion for summary judgment the trial judge said in part:

"I conclude by the clear language of § 99A that any interest of Studds in the lot was extinguished on June 1, 1966. The obvious purpose of the legislative enactment was to foreclose by limitations proprietary interests in land sold at tax sales held prior to the effective date (January 1, 1944) of the present tax sale law. The reasons are many, not the least of which is the public interest in upholding the validity of tax sales, and assuring purchasers of a good title with a minimum of litigation. To hold otherwise would be to thwart the legislative intent and render the enactment meaningless. The defendant should have his title declared valid and unfettered by Studds' ancient interest in the property."

We agree with Judge Powers.

Styers points to Code (1965 Repl. Vol.) Art. 81, § 113 which provides:

"No application shall be thereafter entertained to reopen any final decree rendered under the provisions of this subtitle except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose,"

and contends under the authority of *Brashears v. Collison,* 207 Md. 339, 115 A. 2d 289 (1955), and *Keefauver v. Richardson,* 233 Md. 545, 197 A. 2d 438 (1964) the trial court was in error. In *Brashears* residuary devisees under a will who acquired a remainder interest in property sold at tax sale were held to be necessary parties defendant in a foreclosure proceeding. This court held the failure to name them as defendants led to the conclusion that "[a]s to them the court was, therefore, with-

out jurisdiction to pass the decree of foreclosure * * *." *Id.* at 348. In that case, however, in response to an argument with reference to laches this Court observed:

> *"There is no statute which provides any limitation against the right of the owner to redeem his property."* (emphasis added) *Id.* at 354.

Appellants claim that *Keefauver* is authority for the proposition that once Dickey chose to foreclose the Studds' equity of redemption the Studds' right to redeem continues until finally barred by the Court's decree of foreclosure. It is true that in *Keefauver* through Judge Marbury this Court said:

> "It is evident from our past decisions that the institution of a foreclosure suit pursuant to Article 81 resulted in a right to redeem in the appellee even though there would have been no such right in the absence of the institution of the foreclosure proceeding." *Id.* at 550.

In that case there was a Prince George's County tax sale in 1916. A suit was filed many years later to foreclose the equity of redemption. A petition was filed in that proceeding under section 94 of Article 81 by the heirs of the 1916 owner to redeem the property. The matter was then brought to this Court for final disposition.

The present section 99A was enacted in 1964 subsequent to the decision in *Keefauver* and, obviously, subsequent to that in *Brashears*.

Styers does not here attack the validity of the statute of limitations. In *Allen v. Dovell*, 193 Md. 359, 66 A. 2d 795 (1949) our predecessors upheld the validity of a similar statute, Chapter 275 of the Acts of 1937 which precluded an attack in 1945 on a Prince George's County tax sale of 1933. However, it is here contended by Styers that section 99A is not applicable to a situation where, as here, there was a foreclosure of an equity of redemption subsequent to 1944 with, as here, a proprietary owner and his heirs and assigns from a prior tax sale not named as parties defendant.

This Court has heretofore stated that all parts of a statute

must have been intended to have meaning, *St. Joseph Hospital v. Quinn,* 241 Md. 371, 379, 216 A. 2d 732, 736 (1966), and must be so interpreted. *Rafferty v. Comptroller,* 228 Md. 153, 158, 178 A. 2d 896, 898 (1962). Article 81, § 97 states:

"The provisions of the following sections of this subtitle shall be liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in the equity courts and for the decreeing of marketable titles to property sold by the collector."

In *Delmarva Power Co. v. Eberhard,* 247 Md. 273, 230 A. 2d 644 (1967) this Court had under consideration interpretation of the phrase "public easements" as used in Article 81, section 112. Chief Judge Hammond there said for this Court:

"We think the Legislature in using the phrase 'public easements' in § 112 of Art. 81 did not intend to include easements owned by utilities privately operated for profit (even though publicly supervised), and did not equate the concept of a public easement with that of a public use. We are persuaded of this in part because * * * § 97 of Art. 81 of the Code (1957), under the subtitle 'Foreclosure of Rights of Redemption by Equity Suits,' provides that the provisions of the following sections of this subtitle (§ 112 being within the subtitle) 'shall be liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in the equity courts and for the decreeing of marketable titles * * *.' *Thomas v. Kolker,* 195 Md. 470, 475, *emphasized that the Legislature has declared that the public interest in marketable titles outweighs considerations of individual hardships in tax sales except upon a showing of lack of jurisdiction or fraud.* To follow the command of § 97 to be liberal in construction in order to make the title marketable, we must construe the term public easement narrowly rather than broadly, if this is, as we think it is, fairly and reasonably possible." *Id.* at 278-279. (emphasis added)

558

The plain and simple meaning of section 99A is that since June 1, 1966, with reference to any tax sale made prior to January 1, 1944, which sale was finally ratified, the courts of this state are without jurisdiction "to set aside or modify any title to any interest obtained in such sale". Accordingly, Dickey is possessed of a good, marketable title to the property in question notwithstanding the failure to name Studds and his heirs as parties defendant in Dickey's earlier suit to foreclose the equity of redemption of Pere Wilmer. To hold otherwise would be to defeat the public interest in marketable titles.

*Judgment affirmed, appellants to pay the costs.*