OPPENHEIMER *v.* MICBAR CO., INC.

[No. 69, October Term, 1948.]

*Decided January 21, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and EMORY H. NILES, J., of the Supreme Bench of Baltimore City, specially assigned.

*A. David Gomborov* and *A. Jerome Diener* for the appellant.

*H. Lee Brill* for the appellee.

COLLINS, J., delivered the opinion of the Court.

Micbar Company, Inc., a body corporate, appellee, filed a bill of complaint in the Circuit Court for Baltimore County praying that a contract of sale of certain lots in Baltimore County be specifically enforced against Lee L. Oppenheimer, appellant and purchaser, under an agreement of sale filed therewith.

The agreed statement of facts in the case follow.

"On November 9, 1944, William J. Foley, the County Treasurer of Baltimore County sold lots 82 and 84 Section D of Back River Highlands in the 15th Election District of Baltimore County for non payment of taxes in the amount of $73.84, to the County Commissioners of Baltimore County. The advertisement of sale and the

Collector's roll described the lots as Lots 82 and 84 Section D Back River Highlands. 100' x —— fronts 100' N.S. Nicholson Road beg. 1650' E from Riverside Road in the 15th Election District of Baltimore County. On December 21, 1944, the County Treasurer of Baltimore County issued a Certificate of Sale for the same to the County Commissioners of Baltimore County and in which the lots were described as Lots 82 and 84 Section D Back River Highlands in the 15th Election District of Baltimore County. On December 12, 1946, the County Commissioners of Baltimore County filed its Bills of Complaint to foreclose all rights of redemption in the lots, as part of the pleadings, the aforementioned Certificate of Sale was filed as an Exhibit in the case. On April 17, 1947, a decree was signed by the Circuit Court for Baltimore County in Equity foreclosing all rights of redemption in the aforementioned lots and on May 15, 1947, a deed was executed by Charles L. Hammond, Treasurer of Baltimore County to the County Commissioners of Baltimore County conveying the aforementioned two lots of ground. On June 16, 1947, the County Commissioners of Baltimore County sold the lots at public auction to the Bell Realty Co., Inc., and on June 21, 1947, executed a deed for the same to Bell Realty Co., Inc. On September 17, 1947, Bell Realty Co., Inc., a body corporate, conveyed the aforementioned lots of ground to Micbar Company, Inc., a body corporate. The Treasurer's advertisement, the Collector's Rolls and the Certificate of Sale do not contain any reference as to a plat or the place, liber and folio wherein the plat of Back River Highlands is recorded, and the defendant therefor claims the title is not good and merchantable."

From a decree of the Circuit Court for Baltimore County ordering specific performance of the contract of sale, the appellant appeals here.

The appellant sets up as a defense in this case the fact that the title to the lots sold at tax sale is defective because the advertisement of the lots at tax sale and the Certificate of Sale were improperly drawn because they

did not state the place, folio, and liber wherein the plat of Back River Highlands was recorded.

From the agreed statement of facts we must conclude that the County Commissioners of Baltimore County filed its bill of complaint to foreclose all rights of redemption in the lots in question and on April 17, 1947, a decree was signed by the Circuit Court for Baltimore County foreclosing all rights of redemption therein.

Code, 1947 Supplement, Article 81, Section 90L, Acts of 1943, Chapter 761, Section 90L, relating to the final decree in a proceeding foreclosing the right of redemption provides in part: "At the expiration of the time limited in the order of publication, and in the subpoena, the court shall pass its decree in the proceedings, in accordance with the general equity jurisdiction and practice of the said court. The decree shall be final and conclusive upon the defendants, their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators, assigns, or successors in right, title or interest, and all defendants shall be bound by the said decree as if they had been named in the proceedings and personally served with process. If the Court shall find for the plaintiff, the decree shall vest in the plaintiff an absolute and indefeasible title in fee simple in the property, free and clear of all alienations and descents of the property occurring prior to the decree of Court as herein provided and encumbrances thereon, except taxes accruing subsequent to the date of sale and public easements to which the property is subject."

As the agreed statement of facts shows that a decree has been signed foreclosing all rights of redemption in the lots, no one claiming under the original owners can attack the tax sale and the appellee can convey an absolute and indefeasible title to the property.

The decree in the suit foreclosing the right of redemption is conclusive and no application can be entertained to reopen that decree except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. Code, 1947 Supplement, Article 81, Section

90M, Acts of 1943, Chapter 761, Section 90M. No such attack has been made on the decree foreclosing the rights of redemption to the lots here in question.

The decree of the Chancellor, ordering specific performance of the contract of sale, will therefore be affirmed.

*Decree affirmed, with costs.*