# THOMAS *v.* KOLKER

[No. 181, October Term, 1949.]

*Decided June 7, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*E. Paul Mason, Jr.,* with whom was *J. Calvin Carney* on the brief, for appellant.

*William Saxon,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court No. 2 of Baltimore City dismissing, after hearing, a petition of the appellant to reopen a prior decree foreclosing all rights of redemption in property purchased at tax sale.

About twenty years ago the appellant purchased three vacant lots in the interior of the 2800 block of Erdman Avenue, known as lots 46, 47 and 48. The only access to these lots is by means of two parallel ten-foot alleys running westerly from Clarence Avenue, and a connecting alley. Lot 46, as shown by a city plat prepared in 1940, has an irregular frontage of about 104 feet on the northernmost alley, the other lots each have a frontage of about 28 feet. Immediately after the purchase, the appellant erected a one-story concrete building partitioned down the center, each half being divided into six individual spaces used for garage purposes.

On April 8, 1943, the appellant being in arrears in the payment of taxes for a period of four years, the City sold the three lots to the appellee at tax sale. The appellant had notice of the sale and promptly redeemed lot 48, being under the erroneous impression that her garage building was located entirely on that lot. She did not redeem lots 46 and 47. On May 26, 1944, the appellee filed his bill of complaint to foreclose all rights of redemption, which was duly served on the appellant, but she did not answer. On December 4, 1944, a final decree was entered. In 1945 the City, in the course of a general

reassessment of that district, determined that six of the garages were located on lot 47 and made appropriate entries on the assessment records for the taxable year 1946. In May, 1946 the purchaser consulted counsel as to whether one-half of the garage building containing six garages, was in fact located upon lot 47. On August 1, 1946 he gave the appellee notice to cease collecting rent for those garages. On September 2, 1947, the appellant filed a petition to reopen the prior decree on the grounds of lack of jurisdiction and fraud.

The claim of lack of jurisdiction is based upon the fact that the advertisements of sale and the City Collector's Tax Roll for 1943 listed lots 46 and 47 as "unimproved", and lot 48 as "improved". Lot 47 was assessed at $220—lot 48 at $2,400—. We need not consider whether this inaccuracy in the advertisement and assessment rolls would have been a fatal objection under the law as it stood prior to 1941. *Cf. Gill v. Somer,* 191 Md. 204, 60 A. 2d 683; *Diener v. Wheatley,* 191 Md. 690, 62 A. 2d 783 and *Liberty Realty, Inc., v. Kenneth Co.,* 194 Md. 148, 69 A. 2d 784. In the latter case we said that the Collector is not required to search the land records, but that it is the duty of the owner to see that the tax assessment records are correct. By Chapter 540 of the Acts of 1941, (modified in some respects by Chapter 761, Acts of 1943), a new procedure *quasi in rem* was established, analogous to a mortgage foreclosure. *Gathwright v. Baltimore,* 181 Md. 362, 30 A. 2d 252, 145 A. L. R. 590. Where that procedure is followed, defects in the prior proceedings are wholly immaterial. *Shapiro v. National Color Printing Co.,* 191 Md. 194, 60 A. 2d 679; *Oppenheimer v. Micbar Co.,* 192 Md. 192, 63 A. 2d 765.

Section 90M, Article 81 of the Code (1947 Supp.), provides: "(Decree of Court Conclusive.) No application shall be thereafter entertained to reopen any final decree * * * under the provisions of this sub-title except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose. * * *". Section 89G, Article 81, Code (1947 Supp.), provides: "(Con-

struction of Sections.) The provisions of the following sections of this sub-title shall be liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in the equity courts and for the decreeing of marketable titles to property sold by the Collector." In other words, the legislature has declared that the public interest in marketable titles to property purchased at tax sales outweighs considerations of individual hardship in every case, except upon a showing of lack of jurisdiction or fraud in the conduct of the foreclosure.

It can hardly be denied that the court obtained jurisdiction over the property, and over the appellant by the service of process upon her. At that time she had an unequivocal right to redeem. She received a copy of the bill of complaint, which described the property in "substantially the same form as the description appearing on the Collector's tax roll." Section 90B, Article 81 Code (1947 Supp.). The bill did not state whether the property was improved or unimproved. However, the Certificate of Tax Sale, filed as an exhibit with the bill, stated that the property was "improved by six one story concrete block garages". The order of publication also referred to a City survey on file in the Collector's office and invited inspection of it. The exhibit was, of course, a part of the bill. *Pritchard v. Myers,* 174 Md. 66, 74, 197 A. 620, 116 A. L. R. 775. *Cf. Fetting v. Flanigan,* 185 Md. 499, 504, 45 A. 2d 355, 174 A. L. R. 301. The appellant testified that she was not served with a copy of the certificate. But we are not aware of any rule that requires service of copies of exhibits, and the failure to do so cannot be deemed fraudulent. Ordinarily it is the duty of the respondent, in person or through counsel, to examine the exhibits filed. Whether the failure to do so may be excused in some circumstances on the ground of surprise is immaterial in the instant case.

The appellant acted, or failed to act, under a mistake of fact as to the location of the garages she erected, a mistake evidently shared by the Collector at the time

476

the property was advertised and sold, although the true situation seems to have been known to him when the certificate was issued. Even if the mistake was mutual it manifestly could not affect the jurisdiction. Nor are mistake or surprise grounds for relief under the statute.

The appellant contends that Kolker took advantage of her and lulled her into a false security by failing to disclose in the bill that he was claiming one-half of the garage building previously assessed to lot 48, and that the suppression of this material fact was equivalent to fraud. But we agree with the chancellor who stated that he could not "find any conduct in this case on the part of anybody that mounts up to fraud." The certificate exhibited with the bill disclosed the claim, if she had seen fit to examine it. If Kolker was aware of the contents of the certificate, it is clear that he made no claim until after the reassessment and his subsequent investigation in 1946. In the absence of any confidential relationship, it was not his duty to advise the appellant of his intention to claim whatever passed under the conveyance, or to acquaint her with facts which were within her own knowledge or ability to discover by the exercise of reasonable diligence. *Cf. Gillis v. Sopourn,* 195 Md. 189, 72 A. 715. The initial mistake was clearly hers, in building the garage where she did and, as the chancellor states: "she stood by at the tax sale, she stood by when she redeemed one lot, she stood by when the bill of complaint was filed and served on her, and waited all this period of time before doing anything." We think the case is not within the exceptions in the statute.

*Order affirmed, with costs*