HOLLAND ET UX. *v.* BILLINGSLEY ET UX.

[No. 82, October Term, 1955.]

636

*Decided January 11, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Linwood L. Clark,* for appellants.

*Ridgely P. Melvin, Jr.,* with whom were *McWilliams, Evans & Melvin* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is a proceeding in a tax foreclosure suit to set aside the tax sale of two parcels of land in Anne Arundel County, Maryland, and to rescind the decree of foreclosure.

The land was owned by Rev. James H. Billingsley, a resident of Virginia, at the time of his death in October, 1947. By his will he left his entire estate to his widow, Mrs. Margaret M. Billingsley, and their only child, James H. Billingsley, Jr. Rev. Billingsley owned at the time of his death three unimproved parcels of land aggregating 4.14 acres. The three parcels were assessed on the Collector's tax roll to James H. Billingsley and his first wife, Edith May Billingsley.

In December, 1947, the Orphans' Court of Anne Arundel County granted ancillary letters of administration c. t. a. on Rev. Billingsley's estate to his widow, and she administered the part of the estate located in Maryland. She paid the taxes on the parcels of land for the years 1948 and 1949.

In 1949 Mrs. Billingsley conveyed by three deeds certain portions of two of the three parcels of land. Although she and her son retained three parcels, which were assessed at a total of $582, they did not pay any taxes thereon for the years 1950, 1951, and 1952. Accordingly County Treasurer Joseph H. Griscom, Sr., advertised them for sale at auction for nonpayment of taxes. He sold them on October 14, 1952, to A. Holland.

The parcels were described on the tax roll as follows:

(1) Lot No. 2, containing 1.51 acres of land, situated at Annapolis Neck in the Second District (now in the Sixth District), assessed to Edith Gross.

(2) Lot 1.638 acres, and part of Lot No. 2, approximately .519 acre, situated at Arnold in the Third District, assessed to James H. Billingsley and Edith May Billingsley, his wife.

(3) One lot of 1 acre, situated at Arnold in the Third District, assessed to James H. Billingsley and Edith May Billingsley, his wife.

While the parcels were listed separately on the tax roll, the County Treasurer offered the second and third parcels together and sold them for the sum of $70.

On November 13, 1953, Alexander Holland, Jr., and Minnie Holland, his wife, filed a bill of complaint in the Circuit Court for Anne Arundel County against James H. Billingsley and Edith May Billingsley, his wife, and Edith Gross to foreclose all rights of redemption which they had in the land. Complainants alleged that the two certificates of tax sale which the County Treasurer issued to A. Holland were assigned by him to complainants; and that the property had not been redeemed, although more than one year and a day had passed since the date of the sale.

On March 3, 1954, the Court signed a decree foreclosing all rights of redemption of James H. Billingsley and Edith May Billingsley, his wife, defendants, and declaring that an absolute and indefeasible title in fee simple was vested in Alexander Holland, Jr., and wife, complainants.

On April 6, 1954, Edith Gross filed a petition praying that she be permitted to redeem Lot No. 2, consisting of 1.51 acres of land, alleging that she had paid the taxes for 1952 before the County Treasurer sold the lot for nonpayment of taxes for 1951 and 1952. When it was discovered that the County Treasurer had sold her lot in error, complainants did not dispute her right to redeem.

On June 14, 1954, Margaret M. Billingsley and her son, James H. Billingsley, Jr., filed a petition to set aside the sale of the other two parcels and to rescind the decree of foreclosure. Petitioners showed that the advertisement of sale did not describe the property accurately. They also showed that the advertisement of sale named John H. Billingsley and Edith M. Billingsley as the owners of the property, whereas the names of James H. Billingsley and Edith M. Billingsley appeared on the Collector's tax roll as the owners of the property.

The chancellor, being of the opinion that the errors were substantial, declared the tax sale null and void and rescinded the decree of foreclosure. Holland and his wife appealed here from the decree of annulment. They contend that the errors in the advertisement of sale were "minor variances" which were not sufficient to invalidate the sale.

The Maryland Tax Sale Act explicitly directs that the defendants in any proceeding to foreclose the right of redemption shall be: "The owner of the property as disclosed by a search of the Land Records of the County, of the records of the Register of Wills of the County, and of the records of any court of law or equity of the County". Code 1951, art. 81, sec. 101(a).

The attorney for respondents acknowledged that he overlooked the will of Rev. Billingsley in the office of the Register of Wills of Anne Arundel County. For that reason respondents failed to name Rev. Billingsley's surviving wife, Margaret M. Billingsley, and their son, James H. Billingsley, Jr., who were the owners of the parcels, as the parties defendant. Thus the decree of foreclosure was properly rescinded.

Respondents contended that petitioners were barred by laches. There is no merit in their contention. The decree foreclosing the rights of redemption was entered on March 3, 1954. It was not until April 5, 1954, that petitioners were notified that their property had been sold for taxes. The information was received by Mrs. Billingsley in a letter from the attorney who had assisted her in the ancillary administration of her husband's estate. Petitioners filed their petition to set aside the sale and to rescind the decree of foreclosure on June 14, 1954. Since petitioners filed their petition less than two months and a half after being informed of the sale, and there was no evidence that any prejudice had been caused respondents, petitioners cannot be held to be barred by laches.

The Maryland Tax Sale Act, Code 1951, art. 81, sec. 75(e), provides that the advertisement of a tax sale shall contain the following description with substantial accuracy:

"(1) A description of the property by giving the street number of the improvement and the frontage and depth of the lot, as the same appears on the Collector's tax roll."

\* \* \* \* \* \*

"(4) If the property be unimproved, or has no street number, the notice shall describe the same as it is described on the Collector's tax roll, and no unimproved property, or property having no street number, need be described by metes and bounds. \* \* \*"

The general rule is that the advertisement of a tax sale must describe with reasonable certainty the property to be sold, so that from an examination of the foreclosure proceedings a person of ordinary intelligence can locate the property sought to be foreclosed. The purpose of the law requiring that an advertisement of a tax sale shall contain a description of the property is two fold: (1) to warn the owner that his property is to be sold, so that he can prevent the sale by paying the taxes, and (2) to advise prospective purchasers what property is to be offered for sale, so that they can investigate the property and determine whether they want to bid for it.

The property should be so described as to admit of its identification by recourse to official records or at least by some means which may be referred to as common or general knowledge. *Brinkley v. Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Numitor Gold Mining Co. v. Katzer,* 83 Cal. App. 161, 256 P. 464; *Napier v. Runkel,* 9 Wash. 2d 246, 114 P. 2d 534, 137 A. L. R. 175. The description of the property is sufficient if it fairly designates it for the information of those interested, and will thus enable the owner and prospective purchasers to identify and locate the land to be sold with substantial certainty. *Free v. Greene,* 175 Md. 36, 199 A. 857, 117 A. L. R. 717; *City of Boston v. Boston Port Development Co.,* 308 Mass. 72, 30 N. E. 2d 896, 133 A. L. R. 515.

The law is well established that an inadequate description in the advertisement of sale will render the tax sale void. In *Alexander v. Walter,* 8 Gill 239, 260, 50 Am. Dec. 688, this Court held that the advertisement of a lot in Baltimore at tax sale which did not give the dimensions of the lot was indefinite in its terms and was a fatal objection to the validity of the sale.

In *Josenhans, Inc., v. Jenkins,* 203 Md. 465, 102 A. 2d 257, where the advertisement of the sale of real property for unpaid taxes assessed against it referred incorrectly to Frederick W. Josenhans, the taxpayer to whom the property was assessed, as Fred W. Josenhouse, and

referred incorrectly to the property as part of "Pine Grove," instead of "Addition to Sweaty Banks," the Court held that the statute governing tax sales in Harford County was not complied with and accordingly the sale was null and void.

In the instant case one of the parcels sold by the County Treasurer was described on his tax roll as "part of Lot 2, approximately .519 acre at Arnold", while the advertisement of sale described this parcel as "part of Lot 2, approx. 519 at Arnold." We agree with petitioners that since the figure "519" did not refer to anything, it was meaningless for descriptive purposes. We hold that the omission of a decimal point before the figure "519" and the omission of the word "acre" made the advertisement defective. Moreover, there was nothing in the advertisement specifically describing where the land was situated and what part of Lot 2 was to be offered for sale.

The Tax Sale Act expressly directs that if it is necessary to properly describe the property, the Collector shall procure a description and plat of the same from the County or City Surveyor. If it is necessary to procure a description from the County or City Surveyor, the said description shall be kept among the records of the Collector's office and the published notice of sale shall contain a statement to the effect that a detailed description of the property to be sold, as prepared by the County or City Surveyor, is on file at the Collector's office and may be examined by anyone interested therein. Code 1951, art. 81, sec. 75(e)(4).

As the advertisement of sale was fatally defective because of its failure to properly describe the property to be sold, it is unnecessary to discuss the effect of the error in the names of the persons who appeared on the tax roll in 1952 as the owners of the property.

For the reasons we have stated, the decree of the chancellor annulling the tax sale and rescinding the decree of foreclosure will be affirmed.

*Decree affirmed, with costs.*