## McGARVEY *v.* SOUTHERN MUNICIPAL CORPORATION ET AL.

[No. 97, September Term, 1958.]

592

*Decided January 21, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT and HORNEY, JJ.

*W. Harvey Beardmore,* with whom were *Rouse and Morton* on the brief, for appellant.

*C. Maurice Weidemeyer* for appellee, Southern Municipal Corporation.

*Morris Turk* for appellees, Mary M. Young and Roger M. Young.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Helen E. McGarvey, had been the owner of certain real estate in Anne Arundel County. She appeals from an order of the Circuit Court for that County dismissing her petition to set aside a final decree against her in a tax foreclosure suit. The appellees are Southern Municipal Corporation (Southern) and Mary M. and Roger M. Young. Southern had purchased a tax sale certificate covering the property here involved and in due time had filed its suit to foreclose the appellant's equity of redemption therein, had obtained a final decree of foreclosure and had obtained title to the property pursuant thereto. The Youngs purchased it from Southern.

The appellant's contention is that the description of the property in the tax sale notice was invalid and that the Circuit Court was therefore without jurisdiction to enter a decree foreclosing the appellant's equity of redemption. This attack, in terms, is directed against the sufficiency of the description in the tax sale notice and not against the description given in the foreclosure proceedings. A defect in the description in the tax sale notice may be wholly immaterial

after foreclosure (*Thomas v. Kolker*, 195 Md. 470, 474, 73 A. 2d 886), and tax sales have been upheld against such attacks in *Oppenheimer v. Micbar Co.*, 192 Md. 192, 63 A. 2d 765, as well as in *Thomas v. Kolker, supra,* and against attacks based upon other alleged irregularities pertaining to tax sale proceedings, as in *James v. Zantzinger,* 202 Md. 109, 96 A. 2d 10, and in *Sanchez v. James,* 209 Md. 266, 120 A. 2d 836. See also Code (1957), Article 81, Section 109, which requires any alleged invalidity of the tax, of the proceedings to sell, or of the sale, to be set up specifically by answer in the foreclosure suit and places the burden of establishing any such invalidity upon the defendant. Section 113 of the same Article provides that no application to reopen any final decree rendered under the Tax Sales Law shall be entertained "except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose." Of course, until such a decree is entered the delinquent taxpayer still has his right of redemption. Code (1957), Article 81, Sections 92-94.

In *Oppenheimer v. Micbar Co., supra,* it was said: "As the agreed statement of facts shows that a decree has been signed foreclosing all rights of redemption in the lots, no one claiming under the original owners can attack the tax sale and the appellee can convey an absolute and indefeasible title to the property." Since the alleged defects in the description in the tax sale notice in the instant case, in our estimation, amount at the most to mere irregularities, the order here appealed from should be affirmed on the basis of the appellant's petition and the statutes and cases above cited. We do not reach the question as to whether or not a complete failure to describe the property or a misdescription of it in the tax sale notice might be a virtual nullity and bar the application of Section 113 of Article 81 of the Code (1957).

In *Holland v. Billingsley,* 208 Md. 635, 119 A. 2d 380, a decree of foreclosure in a tax case was set aside on two grounds: one, the non-joinder of parties required by the statute to be joined; the other, a faulty description of property in the tax sale advertisement which was so inadequate as to fail to identify any property with reasonable certainty,

and which differed somewhat from the description on the tax roll. As was pointed out in *Thomas v. Hardisty,* 217 Md. 523, 533, 143 A. 2d 618, neither *Oppenheimer v. Micbar Co.* nor *Thomas v. Kolker, supra,* both of which were decided under substantially the present law,[1] were cited in *Holland v. Billingsley, supra.* In *Thomas v. Hardisty,* the misdescription of the property there held fatal was (as the majority opinion noted) apparently the same in the foreclosure proceeding as in the tax sale advertisement. The property was misdescribed as located in one Election District when actually it was in another.

Even if we assume that the appellant's petition properly raises a question of jurisdiction in the foreclosure case, we think that the description of the property was adequate. As was said in *Holland v. Billingsley* (208 Md. at 641): "The general rule is that the advertisement of a tax sale must describe with reasonable certainty the property to be sold, so that from an examination of the foreclosure proceedings a person of ordinary intelligence can locate the property sought to be foreclosed. * * * The property should be so described as to admit of its identification by recourse to official records or at least by some means which may be referred to as common or general knowledge."

The tax rolls described the property in question as

"Lot 1 SQ 2 & Imp. Fair Haven 41.02 x 135 Gar—17."

(A tax receipt suggests that "Gar—17" refers to Garbage Collection District No. 17.)

The tax sale notice was in this form:
"8—9407 McGarvey, Helen E.—Lot 1 Sq. 2 &

---

1. Ch. 540 of the Acts of 1941 made a great change in the law relating to titles acquired through tax foreclosure sales in the City of Baltimore, and Ch. 761 of the Acts of 1943 effected a like change on a statewide basis. Cases dealing with the effect of irregularities in proceedings prior to foreclosure which were decided on the law as it stood prior to these enactments may no longer be applicable. See Judge Hammond's concurring opinion in *Thomas v. Hardisty, supra,* and cases therein cited.

Imp. 41.02 x 135 as shown on the plat of Fair Haven, Eighth District, A.A. Co. Assessment $3,465. Taxes, Interest & Costs $176.85."

The description in the foreclosure suit is substantially the same:

"Lot 1 Square 2 and improvements 41.02 x 135 as shown on the Plat of Fair Haven, Eighth Election District and assessed to Helen E. McGarvey".

The objections raised to the description are: first, that there are two plats of Fair Haven among the land records of Anne Arundel County and the description does not specify on which plat the lot is shown; second, that one plat (of Section 1) does not designate squares or blocks as such, and the other (of Section 2) designates them as "blocks" not "squares"; and third, that the dimensions of the lot (even if intended to be expressed in feet) are inaccurate.

In *Thomas v. Hardisty, supra,* we reviewed rather fully the statutory requirements relating to the description of property, and we shall not repeat here all that we said there. Reasonable certainty of description is required, and the statute contemplates that ordinarily the rather brief descriptions contained in the tax rolls will be sufficient. (See 217 Md. at 534.) This is true as to tax sale advertisements, tax certificates and foreclosure proceedings. Code (1957), Article 81, Sections 76 (f), 83, 102. At times something more may be needed.

Taking up the appellant's objections in the order stated, we think that no great difficulty would be encountered in determining which of the two plats of Fair Haven was intended to be referred to. Helen E. McGarvey owned land in only one section, and lot 1 in block or square 2 in only one of the two sections (Section 2) is of a size approximating the dimensions stated. Lot 1 in block or square 2 of Section 2 is a corner lot, the two most conspicuous dimensions of which are 41.03' and 134.66'.

As to the second objection, the use of the word "square" instead of "block" seems to us quite immaterial. Apparently,

prior to this suit, it also seemed immaterial to the appellant. Her deed, which was offered in evidence, uses the word, "square", not "block", and the same term was used on the last tax bill which she paid.

The third objection also seems unsustainable. Doubtless it would have been better to have shown at least an abbreviation for the word "feet" on the tax rolls and in the descriptions; but we think that from common usage, such a notation as "41.02 x 135" in a tax roll description would be understood as referring to so many feet. It is true that the lot is actually five-sided and that none of its actual dimensions coincides exactly with either of those shown on the tax rolls. On the other hand, one side of the lot abutting on one street is 134.66 feet long; and another line, which takes off approximately at right angles from one end of the 134.66 foot line and roughly parallels the waterfront, is 41.03 feet in length. The other long sideline is 128.22 feet. Along the rear of the property, a turn in the road seems to account for a change in direction of the rear property line. One part is 28.48 feet long, the other 11.82 feet, making a total of 40.30. (The change in direction is not sharp.) We think that the two conspicuous lines used to identify and describe the lot are satisfactory for the purpose, and that despite the inaccuracies of one one-hundredth of a foot (something less than ⅛ of an inch) in the length of one of the lines mentioned and of thirty-four one-hundredths of a foot (roughly 4 inches) in the length of the other, the property is described with reasonable certainty and with substantial accuracy.

Furthermore, every one of the errors or omissions now complained of was apparent at least on the last tax bill which the appellant paid—that for 1952. It was incumbent upon her to see that the assessment records were correct. *Thomas v. Kolker, supra.*

We conclude that the defects here alleged in the description of the property in the tax sale advertisement afford no basis for challenging the jurisdiction of the Circuit Court to enter the foreclosure decree; and we are also of the opinion that even if the sufficiency of the description is properly open to review on the appellant's petition, the description of the

property both in the tax sale advertisement and in the foreclosure proceedings is adequate.

We find nothing in Section 577 or 581 of the Code of Public Local Laws of Anne Arundel County (which were cited by the appellant in oral argument, but not on the brief) which would lead us to a different result.

*Order affirmed, the costs to be paid by the appellant.*