*Cicada Investments, LLC v. Harbour Portfolio VII LP*, et al., Case No. 2001, Sept. Term, 2022. Opinion filed on March 27, 2024, by Berger, J.

TAX SALE - MOTION TO VACATE JUDGMENT IN TAX SALE FORECLOSURE PROCEEDING - REOPENING TAX SALE PROCEEDING

Pursuant to Md. Code (1986, 2019 Repl. Vol.), § 14-845(a) of the Tax - Property Article ("TP"), a judgment in a tax sale foreclosure proceeding may be reopened under certain circumstances. Specifically, a judgment may not be reopened except on the ground of lack of jurisdiction or fraud, and no reopening of any judgment on the ground of constructive fraud in the conduct of the proceedings to foreclose shall be entertained by any court unless an application to reopen a judgment rendered is filed within one year from the date of the judgment. Because a motion to vacate was filed within one year of the judgment, the circuit court was permitted to reopen the judgment and consider both the jurisdictional and constructive fraud arguments raised by appellee Baltimore City.

NULL AND VOID TAX SALE WHEN NO TAXES OVERDUE - JURISDICTION TO SELL PROPERTY FOR TAX DEBT UNDER $750 IN BALTIMORE CITY

A tax sale is null and void when there are no taxes overdue, and a circuit court has no jurisdiction to entertain a foreclosure action based upon such a void tax sale. Pursuant to TP § 14-811(b)(2), in Baltimore City, owner-occupied residential property may not be sold at a tax sale when total taxes on the property amount to less than $750, and TP § 14-834 does not confer jurisdiction to sell a property for a tax debt under $750 in Baltimore City.

CONSTRUCTIVE FRAUD

The sum total of the actions taken by Baltimore City as well as the investor who purchased the tax sale certificate at Baltimore City's tax sale were more than enough to constitute constructive fraud under Maryland law. The evidence established that the City failed to cash a homeowner's check promptly and credit his account correctly and failed to promptly file a motion to void the sale. The investor explicitly advised the homeowner's attorney that the tax sale would be voided via an email to the homeowner's attorney but instead moved to amend its complaint, affirmatively misrepresenting the amount the homeowner owed in order to match the amount to the tax sale certificate that listed the incorrect amount of tax owed. Whether the investor was intentionally misleading the court or whether the investor's actions were inadvertent mistakes was of no moment for the constructive fraud analysis.

Circuit Court for Baltimore City
Case No. 24-C-21-004890

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 2001

September Term, 2022

_____

CICADA INVESTMENTS, LLC

v.

HARBOUR PORTFOLIO VII LP, ET AL.
_____

Berger,
Leahy,
Getty, Joseph M.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Berger, J.
_____

Filed: March 27, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This case is before us on appeal from an order of the Circuit Court for Baltimore City vacating its prior order foreclosing the right of redemption on a property and declaring a tax sale certificate void. Appellee Baltimore City (the "City") had moved to vacate the judgment after determining that the City had erroneously sold a tax sale certificate for a property for which no taxes were actually owed. Appellant Cicada Investments, LLC ("Cicada"), opposed the City's motion, arguing that the order foreclosing the right of redemption had been issued correctly and that the court was not permitted to reopen the tax sale proceeding. On appeal, Cicada presents two issues for our consideration, which we have consolidated and rephrased as follows:

> Whether the circuit court erred by vacating its prior judgment in the tax sale proceeding at issue.

For the reasons explained herein, we shall affirm.

## FACTS AND PROCEEDINGS

In 2020, Frederick Williams, an unsophisticated first-time homebuyer of limited means, purchased a home at 2426 Reisterstown Road in Baltimore City (the "Property") via an unrecorded quitclaim deed. He moved into the home after purchasing it and has resided there since.[1]

---

[1] The legal title owner of the Property is Harbour Portfolio VII, LP ("Harbour"). Harbour is not a real party in interest to this appeal and, furthermore, has forfeited its good standing as a business in Maryland. In 2018, Harbour attempted to sell the Property via an unrecorded quitclaim deed to LAR Capital, LLC, which, in turn, attempted to transfer its legal interest in the Property to Axe Real Estate, LLC, also via an unrecorded quitclaim deed. Williams purchased the Property from Axe Real Estate via another unrecorded quitclaim deed.

On April 22, 2021, Williams paid the City $13,478.67 via check. The check was dated April 21, 2021, postmarked April 22, 2021, but not cashed by the City until May 17, 2021. The delays in cashing and recording the check were apparently due to pandemic-related understaffing issues. The City's receipts indicate that of the total amount paid by Williams, $9,203.04 was attributed to prior years' taxes and the remaining $4,275.63 was recorded as a credit to the current year's property taxes.[2] Due to the delay in cashing Williams's check, the Property was erroneously not removed from the list of properties to be auctioned at the City's 2021 tax sale.

On May 17, 2021 -- the same day the City cashed Williams's check -- the Property was offered for sale at the City's annual tax sale for a stated tax debt of $9,998.53. Caret Bay, LLC was the successful bidder for the Property at the May 17, 2021 tax sale with a bid of $11,300.00. On the same day, the City issued a tax sale certificate that provided that $9,998.53 was "the total amount of taxes and other municipal liens due on the property at the time of the sale."[3] Caret Bay, LLC subsequently assigned the tax sale certificate to Appellant Cicada on or about September 10, 2021.

On November 5, 2021, Cicada filed a "Complaint to Foreclose the Equity of Redemption for Non-Payment of Taxes" with respect to the Property. In the complaint,

---

[2] $3,650.56 was attributed to 2018-19 taxes, $3,124.12 was attributed to 2019-20 taxes, and $2,428.36 was attributed to 2020-21 taxes.

[3] Because the amount Williams paid in excess of the 2018-2021 taxes due was attributed to the current tax year rather than to other outstanding liens from miscellaneous bills, rental registration, and environmental charges, there remained $620.71 in outstanding charges.

2

Cicada stated that the amount necessary to redeem the property was $638.51,[4] despite the tax sale certificate listing the lien amount as $9,998.53. The record does not reflect how or when Cicada discovered the over $9,000.00 discrepancy between the lien amount reflected on the tax sale certificate and the figure listed in the complaint as necessary to redeem the property.

On April 6, 2022, the circuit court denied Cicada's request for foreclosure of redemption specifically because of the discrepancy between the lien amount reflected on the tax sale certificate and the figure listed in the complaint, stating that Cicada "fail[ed] to state the correct amount necessary for redemption in the [c]omplaint" as required by Maryland Rule 14-502(b)(4) and Md. Code (1986, 2019 Repl. Vol.), § 14-835(a)(7) of the Tax - Property Article ("TP"). The circuit court ordered that the discrepancy must be corrected within thirty days, providing that "failure to correct such deficiency as ordered may result in dismissal of the above-captioned case."

In approximately May 2022, Maryland Legal Aid Bureau, Inc. ("Legal Aid"), which had been assisting Williams with obtaining title to the Property, discovered that the Property had been sold at the 2021 tax sale.[5] Legal Aid contacted both Cicada and the City to determine the amount of outstanding taxes required for Williams to redeem the Property.

---

[4] The City surmises that the difference between the $638.51 listed in the complaint and the $620.71 in non-property tax liens noted in the City's motion is likely due to interest accruing between May and November 2021. We agree that this is likely a reasonable explanation for the small difference.

[5] Williams sought the assistance of Legal Aid after he submitted payment for the outstanding property taxes in connection with obtaining legal title to the Property.

The City, having recognized its prior mistake, informed Williams's attorney at Legal Aid that the City would be moving to void the tax sale because the taxes had been paid prior to the sale. An email from Cicada confirmed to Williams's attorney that "the tax sale that was held for this property will be voided" because "the City law department . . . will be filing a Motion to Void the sale."

The City, however, did not file a motion to void the tax sale promptly. In the meantime, even though Cicada had told Williams's attorney that the sale would be voided, on May 27, 2022, Cicada filed a motion for leave to amend its complaint seeking foreclosure. Neither Williams nor Williams's attorney were served with a copy of the motion, nor did Cicada otherwise notify Williams or his attorney that it was seeking to amend the complaint. The only change Cicada made when amending the complaint was to change the amount necessary for redemption. While the original complaint stated that $638.51 was the amount necessary for redemption, the amended complaint stated that $9,998.53 was owed. On June 27, 2022, the circuit court granted Cicada's motion to amend, and granted Cicada judgment foreclosing the right of redemption on the same day.

It was not until August 15, 2022 that the City finally filed a Motion to Vacate Judgment and Declare Tax Sale Void *Ab Initio* and Dismiss Case. In the motion, the City set forth in detail the procedural and factual history underlying this case. The City's motion explained that "[b]ecause the real property taxes were paid prior to the tax sale and the remaining charges were not in a sufficient amount to meet the threshold for inclusion in [the] tax sale," the "sale should never have taken place due to substantive reasons and is void *ab initio*." The City argued that "[w]hen a tax sale, for substantive reasons, never

4

should have taken place to begin with, it is void at [its] inception." The City further argued that Cicada was "not entitled to receive interest or costs and [wa]s entitled only to a refund of its lien amount from the City."

The City's motion included copies of computer records showing that the overdue property taxes for the Property had been paid prior to the tax sale. The City also attached a sworn affidavit from Edward Scrivener, the Delinquent Accounts Manager for the Bureau of Revenue Management of the Department of Finance for the City of Baltimore. Scrivener declared that "the real property taxes included in the 2021 Tax Sale . . . against the property known as 2426 Reisterstown Rd were paid on April 22, 2021, *prior* to the May 17, 2021 tax sale." (Emphasis in original.) Scrivener further declared that "[t]he other liens in the sale were not in a sufficient amount to cause inclusion in the tax sale."[6] The motion explained that the City's errors were a result of "significant pandemic related understaffing."

Cicada opposed the City's motion, arguing that the judgment should not be vacated and that the tax sale was valid. Cicada asserted that TP § 14-811(b)(1) allowed the City to refrain from selling a property for a debt of less than $750 but did not require the City to refrain from selling an owner-occupied property for a debt of less than $750.

Williams moved to intervene pursuant to Maryland Rule 2-214 on September 12, 2022. Williams asserted that he should be permitted to intervene as an interested party in

___

[6] The City's motion explained that the additional charges resulting in other liens totaling $620.71 were for "miscellaneous bills, rental registration, and environmental charges." The City's motion did not address the fact that Williams had paid over $13,000, which was more than enough to extinguish all outstanding liens prior to the tax sale.

order to protect his interest in the Property and that no existing parties to the case could protect his interests. Cicada opposed Williams's motion, and the circuit court ultimately denied the motion to intervene as moot.

On December 9, 2022, the circuit court granted the City's motion in part. The circuit court ordered that the judgment foreclosing the right of redemption for the Property be vacated and that the tax sale certificate be declared void. The court emphasized that TP § 14-820(a)(4) required the tax sale certificate to set forth "the total amount of taxes due on the property at the time of sale together with interest, penalties, and expenses incurred in making the sale" and that the tax sale certificate filed with Cicada's complaint erroneously listed $9,998.53 as the total amount of outstanding taxes. Accordingly, the circuit court determined that the certificate of tax sale was void.

The circuit court, having accepted the City's mistaken representation that $620.71 of outstanding liens remained at the time of the tax sale, determined that the tax sale was not void *ab initio* because a tax sale is only void *ab initio* when no taxes were owed at the time of the sale, either because the taxes were paid in full prior to the sale or because the taxes were improperly assessed.[7] The circuit court ordered that the City repay Cicada "the amount paid at tax sale, with interest at the rate provided in the Certificate of Tax sale, together with all taxes that accrue after the date of sale . . . and all expenses properly incurred." On January 13, 2023, Cicada noted an appeal of the circuit court's ruling.

---

[7] The City explained that it believes that the circuit court erred in denying this part of the City's motion but did not file a cross-appeal.

## STANDARD OF REVIEW

Rule 8-131(c) provides:

> When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witness.

The clearly erroneous standard does not apply, however, when we are reviewing the circuit court's legal conclusions. *Turner v. Bouchard*, 202 Md. App. 428, 442 (2011). We "accord no deference" to the circuit court's legal conclusions but instead our review is for legal correctness. *Id.* (quoting *Cattail Assocs., Inc. v. Sass*, 170 Md. App. 474, 486 (2006)). When evaluating whether a circuit court's decision was legally correct, "we give no deference to the trial court findings and review the decision under a de novo standard of review." *Lamson v. Montgomery Cnty.*, 460 Md. 349, 360 (2018).

The circuit court's decision to reopen a judgment foreclosing the right of redemption under TP § 14-845(a) is reviewed for legal error. *Davis v. Att'y Gen.*, 187 Md. App. 110, 124 (2009) ("We review a circuit court's determination of whether there was fraud, mistake or irregularity for clear error and legal correctness."). "We review a decision under TP § 14-845 using the same standard applied to decisions under [Md. Code (1974, 2020 Repl. Vol.)] § 6-408 [of the Courts & Judicial Proceedings Article] and Rule 2-535(b). *Canaj* [*Inc. v. Baker & Div. Phase III, LLC*], 391 Md. [374,] 401 [(2006)]. Therefore, we will not overturn the ruling unless it appears from the record that the trial court erred as a matter of

7

law or abused its discretion in denying the motion." *Voltolina v. Prop. Homes, LLC*, 198 Md. App. 590, 600 (2011).

**DISCUSSION**

On appeal, Cicada asserts that the circuit court erred by granting the City's motion to vacate and declaring the tax sale certificate void. As we shall explain, we are not persuaded.

TP § 14-845(a) specifically allows the court to reopen a judgment rendered in a tax sale foreclosure proceeding under certain circumstances, providing:

> A court in the State may not reopen a judgment rendered in a tax sale foreclosure proceeding except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose; however, no reopening of any judgment on the ground of constructive fraud in the conduct of the proceedings to foreclose shall be entertained by any court unless an application to reopen a judgment rendered is filed within 1 year from the date of the judgment.

The motion to vacate at issue in this case was filed within one year of the judgment, and, accordingly, the circuit court was permitted to consider both the jurisdictional and constructive fraud arguments.[8]

Cicada asserts that the circuit court erred by reopening the judgment because there was no fraud nor did the court lack jurisdiction, arguing that "[i]t is undisputed that taxes were due and owing during the entire pendency of the proceeding." Cicada further argues that allowing the reopening of an enrolled judgment has "far-reaching public policy

---

[8] The circuit court's order does not expressly set forth whether its ruling was based upon a finding of lack of jurisdiction, constructive fraud, or both.

8

concerns" and that TP § 14-811(b) merely *permits* Baltimore City to withhold residential property from tax sale when the amount due is less than $750 rather than *requiring* such. In response, the City contends that Cicada's representation that the circuit court had jurisdiction is an unsupported, blanket assertion that misrepresents the facts of this case and displays a misunderstanding of Maryland tax sale law. We agree with the City.

First, contrary to Cicada's assertion, the record reflects that, in fact, taxes were not "due and owing during the entire pendency of the proceeding." Williams paid the City over $13,000 a month before the tax sale, when less than $10,000 was owed. The City applied the $4,275.63 Williams paid in excess of the 2018 - 2021 taxes due to the current tax year rather than attributing it to other outstanding liens from miscellaneous bills, rental registration, and environmental charges, resulting in $620.71 in outstanding charges remaining after Williams's check was cashed.

Furthermore, even if the liens for miscellaneous bills, rental registration, and environmental charges were outstanding, the amount owed was not enough to place the Property into the tax sale under Maryland law. Although TP § 14-811(b)(1) provides that "[t]he collector *may* withhold from sale any residential property when the total taxes on the property, including interest and penalties, amount to less than $750," the provision is mandatory rather than permissive for owner-occupied properties in Baltimore City. (Emphasis supplied.) Indeed, TP § 14-811(b)(2) provides that "[i]n Baltimore City, the collector *shall* withhold from sale owner-occupied residential property, when the total taxes on the property, including interest and penalties, amount to less than $750."

9

(Emphasis supplied.) Cicada fails to address the mandatory provision applicable to Baltimore City in its brief.[9]

The statute bestowing the circuit court with jurisdiction to foreclose the right of redemption in tax sale cases is codified in TP § 14-834, which provides:

> The circuit court, on the filing of a complaint to foreclose the right of redemption, has jurisdiction to give complete relief under this subtitle, in accordance with the general jurisdiction and practice of the court, and with all laws and rules of court that relate to the circuit courts for the county in which the property is located, except as otherwise provided in this subtitle, to bar all rights of redemption and to foreclose all alienations and descents of the property occurring before the judgment of the court as provided in this subtitle and all liens and encumbrances on the property, except property taxes that arise after the date of sale, and to order an absolute and indefeasible estate in fee simple or leasehold to be vested in the holder of the certificate of sale.

The statute does not grant the circuit court jurisdiction without restriction, but, rather, conditions the circuit court's jurisdiction in several ways. "The tax sale foreclosure statute confers only a special, limited jurisdiction on the circuit court; it does not contemplate or grant the circuit court the authority to exercise general equity jurisdiction in tax foreclosure proceedings." *Voge v. Olin*, 69 Md. App. 508, 514 (1986). *See also Jannenga v. Johnson*, 243 Md. 1, 8 (1966) (Horney, J., concurring) (explaining that a fatal defect in a tax sale meant that the circuit court "never acquired jurisdiction in the first place and, because it did not, it had no power to decree foreclosure of a right of redemption that

---

[9] In its reply brief, Cicada asserts that the Property was not owner-occupied. The undisputed evidence in the record establishes that although Harbour is the legal title holder for the Property, Williams is the actual owner, and he resided at the Property at all times relevant to this appeal. *See supra* n.1.

10

did not in fact exist" and observing that "[a]ny other holding would be in conflict with §
23 of the Declaration of Rights (Due Process) declaring that no man ought to be disseized
of his freehold or deprived of his property but by the law of the land.").[10]

We agree with the City that a tax sale is null and void when there are no taxes
overdue. We further agree with the City that a circuit court has no jurisdiction to entertain
a foreclosure action based upon such a void tax sale. In our view, the same reasoning
applies to a circumstance in which the government demands a large amount to prevent a
tax sale when only a small amount -- less than one-tenth of the amount demanded -- is
actually due. Nor does the court have subject matter jurisdiction to sell an owner-occupied
property for a tax debt under $750 in Baltimore City. Accordingly, on this basis, we shall
affirm the circuit court's ruling declaring the tax sale certificate void and vacating the
judgment foreclosing the right of redemption.

The City raises an additional jurisdictional argument, arguing that even if there
remained a small amount of money owed on the Property at the time of the tax sale, the
sale was null and void because the statutorily required pre-sale notices published by the
City failed to state the amount owed with substantial accuracy as required by TP

---

[10] Prior to 1978, Article 24 of the Declaration of Rights was numbered Article 23.
The reference to "§ 23" in the above-quoted article refers to the current Article 24, which
provides:

> That no man ought to be taken or imprisoned or disseized of his freehold,
> liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed,
> or deprived of his life, liberty or property, but by the judgment of his peers,
> or by the Law of the land (*amended by Chapter 681, Acts of 1977, ratified
> Nov. 7, 1978*).

§ 14-813(d)(1) (requiring, *inter alia*, that the pre-sale notice that must be published in newspapers and on the City website "shall contain with substantial accuracy . . . the amount of all taxes due and unpaid on the property"). The City contends that no reasonable reading of the term "substantial accuracy" would allow a notice of a $9,998.53 debt to be substantially accurate notice of a $620.71 debt. The City analogizes to cases addressing the substantial accuracy requirement with respect to the required description of location in notices, observing that the Supreme Court has held that "an inadequate description in the advertisement of sale will render the tax sale void." *Holland v. Billingsley*, 208 Md. 635, 641 (1956). Indeed, the City presents a compelling jurisdictional argument as to this issue, but it is one that we need not address in light of our earlier conclusion.

In addition to the jurisdictional arguments, the City asserts that its own errors and Cicada's misrepresentations, each separately and both together, constitute constructive fraud. We need not address the constructive fraud argument in detail in light of our earlier holding, but we exercise our discretion to address it briefly. Constructive fraud is a "breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Canaj*, *supra*, 391 Md. at 421-22 (emphasis omitted). "Constructive fraud, as it might be relied on by an owner of property being sold for taxes, would normally relate to notice and things of that nature that would hinder the delinquent taxpayer from exercising his right to redeem, i.e., pay the delinquent taxes." *Id.* at 422. The Supreme Court has explained that "[f]ailure to comply with the notice requirements has since [1966] been considered constructive fraud." *Id.* at 423.

12

There is ample evidence in the record that supports the City's constructive fraud argument.[11] The City's failure to cash Williams's check promptly and to credit his account correctly by attributing the payment against the liens placed against his home resulted in the Property erroneously being included on the list of properties to be auctioned at the City's 2021 tax sale. Furthermore, the City failed to promptly file a motion to void the sale after informing Williams's attorney that it would do so and ultimately did not file the motion until after the judgment had been entered and more than thirty days had elapsed. The City's errors were compounded by Cicada's conduct. Specifically, Cicada explicitly advised Williams's attorney that the tax sale would be voided via an email from paralegal Paulette Hill to Williams's attorney. Nonetheless, ten days later, Cicada moved to amend its complaint, affirmatively misrepresenting the amount Williams owed in order to match the amount to the tax sale certificate that listed the incorrect amount of tax owed. Whether Cicada was intentionally misleading the court or whether Cicada's actions were inadvertent mistakes is of no moment for the constructive fraud analysis. The sum total of the actions taken by the City as well as Cicada was more than enough to constitute constructive fraud under Maryland law.

---

[11] As we explained *supra* in footnote 8, the circuit court's ruling does not expressly set forth whether its ruling was based upon a finding of lack of jurisdiction, constructive fraud, or both. As explained herein, the evidence in the record supports both findings.

We hold that the circuit court did not err by vacating its earlier judgment after determining that a City resident's home was sold at a tax sale despite no (or minimal) taxes being owed.  Accordingly, we affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/2001s22cn.pdf